FILED
JAMES BONINI
CLERK

10 APR 27 PM 4:25

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| BEATRICE M. FRIEDLANDER<br>49651 Shenandoah Circle<br>Canton, Michigan 48187,<br><br>CITIZENS IN CHARGE<br>2050 Old Bridge Road, Suite 103<br>Lake Ridge, Virginia 22192,<br><br>THE HUMANE SOCIETY OF THE UNITED STATES<br>2100 L Street NW<br>Washington, D.C. 20037,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER BRUNNER, in her Official Capacity as<br>Ohio Secretary of State,<br><br>Defendant. | Civil Action No. _____<br><br>2:10 cv 378<br><br>JUDGE HOLSCHUH<br><br>MAGISTRATE JUDGE KING<br><br><br>**COMPLAINT** |

## I. NATURE OF THE CASE

1. This complaint challenges the constitutionality of R.C. § 3503.06(B)(1), which prohibits all persons who are not residents of the State of Ohio from circulating any initiative or referendum petition within the state. This case also challenges the portion of R.C. § 3519.05 that requires each initiative and referendum petition circulator to provide his or her "permanent residence address in this state."

2. Plaintiffs include a Michigan resident who wishes to gather signatures on a current initiative petition within Ohio, an organization that is supporting a current initiative petition in Ohio and whose non-Ohio-resident members wish to volunteer to gather signatures in support of that petition, and an organization that is dedicated to protecting and enhancing the initiative and referendum rights of citizens across the country.

3. The challenged provisions violate the First and Fourteenth Amendments to the United States Constitution, and Plaintiffs seek from the Court declaratory and injunctive relief to enable them to participate in the democratic process by gathering signatures on Ohio initiative and referendum petitions.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides for federal question jurisdiction, because this action arises under the First and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; and under 28 U.S.C. § 1343(a)(4), in that it seeks to secure equitable relief under an Act of Congress, here 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights.

5. Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 82.1, as the claims asserted by Plaintiffs arose within this judicial district and division and Defendant is situated within this judicial district and division.

## III. PARTIES

6. Plaintiff Citizens in Charge ("CIC") is a non-profit, non-partisan organization based in Virginia that is dedicated to protecting and enhancing the initiative and referendum rights of citizens across the country. It pursues this goal through educational programs, direct advocacy in legislatures, and participation in both federal and state litigation. In addition, the organization and its members, many of whom reside outside of Ohio, assist in initiative campaigns in various states by, among other things, circulating petitions.

7. Plaintiff The Humane Society of the United States ("HSUS") is a national public-interest organization based in Washington, D.C., that has been involved in coordinating more than a dozen animal welfare initiatives. HSUS is supporting a current initiative petition in Ohio, and many of its members who reside outside of Ohio would like to volunteer to join its Ohio members in circulating this petition. Plaintiff HSUS has filed a Form 15 with the Ohio Secretary of State, stating that it will provide compensation to an individual or entity for supervising, managing, or otherwise organizing an effort to obtain signatures on a statewide initiative petition

"[t]o require the Ohio Livestock Care Standards Board to adopt certain minimum standards that will prevent the cruel and inhumane treatment of farm animals, enhance food safety, and strengthen Ohio family farms" ("The OHF Petition").

8. Plaintiff Beatrice M. Friedlander is a resident of Michigan. She collects petition signatures on issues she supports on a volunteer basis and has been and will continue to be a proponent of initiatives. Plaintiff Friedlander would like to volunteer to circulate the current OHF Petition in Ohio.

9. Defendant Jennifer Brunner, or any successor to Ms. Brunner ("Secretary"), serves as the Secretary of State for the State of Ohio. Defendant is named in her official capacity only. In that capacity, Defendant is charged with enforcing R.C. §§ 3503.06(B)(1) and 3519.05. *See* R.C. § 3501.05(K), (M), and (N)(1).

## IV. BACKGROUND

10. In the Ohio Constitution, the people have "reserve[d] to themselves the power . . . to adopt or reject [laws and amendments to the constitution] at the polls" through the initiative and referendum processes. Ohio Const. art. II, § 1.

11. These processes are methods of democratic participation that permit the people to exercise direct law-making power. "Initiative" refers to the process whereby the voters propose and enact statutes and constitutional amendments on their own accord. "Referendum" refers to the process by which the citizens vote to accept or reject laws already enacted by the legislature.

12. The process of circulating petitions and gathering signatures is crucial to initiative or referendum petitions. To place an initiative or a referendum on the Ohio ballot, the proponent must submit a petition containing the requisite number of signatures of Ohio electors. Ohio Const. art. II, § 1a–b. The exact number of signatures required is calculated as a percentage of the total votes cast in the previous gubernatorial election. Ohio Const. art. II, § 1a–b. Petition circulators gather the required signatures on part-petitions—the individual sheets that provide details regarding the petition and space for individuals' signatures.

13. Section 3503.06(B)(1) of the Ohio Revised Code explicitly provides that "[n]o person shall be entitled to circulate any initiative or referendum petition unless the person is a resident of this state."

14. Section 3519.05 of the Ohio Revised Code prescribes the form of Ohio initiative petitions. Reiterating the limitation embodied in section 3503.06(B)(1), it explicitly requires that each part-petition include a space for the circulator to provide the "[a]ddress of [his or her] permanent residence in this state."

15. Section 3519.06 of the Ohio Revised Code, in turn, provides that if a circulator's statement is not properly completed or is false in any respect, the part-petition is not properly verified. All of the signatures of Ohio electors that are contained on a part-petition that is not properly verified must be "eliminat[ed]." R.C. § 3519.15.

16. The United States Court of Appeals for the Sixth Circuit has found unconstitutional a similar bar on non-Ohio-resident petition circulators. On October 29, 2008, it held that registration and residency requirements imposed on candidate petition circulators by R.C. § 3503.06(A)[1] violated the First and Fourteenth Amendments. *Nader v. Blackwell*, 545 F.3d 459, 477–78 (6th Cir. 2008).

17. The *Nader* court also indicated that no legally-significant difference exists between the level of protected political speech engaged in by circulators of candidate petitions and circulators of initiative and referendum petitions. 545 F.3d at 475–76.

18. In response to the *Nader* decision, the Secretary issued two Advisories and one Directive to the Ohio county boards of elections. In these documents, the Secretary concluded that the Ohio-residency requirement for circulators of initiative and referendum petitions contained in R.C. § 3503.06(B)(1) was unenforceable. She directed the boards not to enforce that requirement and not to invalidate any part-petition solely because the circulator listed a permanent residence located outside of Ohio.

19. In Advisory 2009-04, dated May 18, 2009, the Secretary further informed the boards that "the Secretary of State's office has revised the circulator statements in all Secretary of State prescribed forms to omit any requirement that the circulator be an Ohio elector or an Ohio resident."

---

[1] "No person shall be entitled to . . . circulate any declaration of candidacy or any nominating, or recall petition, unless the person is registered as an elector and will have resided in the county and precinct where the person is registered for at least thirty days at the time of the next election." R.C. § 3503.06(A).

20. Although the Advisories and the Directive purport to allow non-residents to circulate initiative and referendum petitions in Ohio, to the extent they do so, they are contrary to existing Ohio law and remain subject to challenge on that basis. Further, the Secretary's revision of circulator forms issued by her office is insufficient because the form of state initiative petitions is prescribed by statute. *See* R.C. § 3519.05. Circulators remain statutorily required to provide, under penalty of law, an "[a]ddress of . . . permanent residence in this state." *Id.*

21. Time is of the essence in this matter: Plaintiffs and those similarly situated have only until June 30, 2010 to circulate part-petitions, collect signatures of Ohio electors, and submit the required number of valid signatures to the Secretary in order to qualify proposed initiatives or referenda for the 2010 Ohio ballot.

22. Accordingly, Plaintiffs seek relief from the Court to permit their participation in the democratic process by gathering signatures in support of initiatives and referenda that Ohioans may wish to place on the 2010 election ballot.

## V. CAUSE OF ACTION

**COUNT I:** **Section 3503.06(B)(1) and the Relevant Portion of Section 3519.05 of the Ohio Revised Code are Unconstitutional on Their Face and As Applied to Plaintiffs and to Those Similarly Situated**

23. Plaintiffs repeat and incorporate by reference the allegations set out in paragraphs 1 through 22.

24. The circulation of initiative and referendum petitions constitutes core political speech protected by the First and Fourteenth Amendments to the United States Constitution.

25. R.C. § 3503.06(B)(1) and the relevant portion of R.C. § 3519.05 prohibit individuals who reside outside of Ohio, including Plaintiff Friedlander and CIC and HSUS's non-Ohio-resident members from engaging in this speech.

26. Although they prohibit this core political speech, R.C. §§ 3503.06(B)(1) and 3519.05 are not narrowly tailored to a compelling government interest.

27. For these reasons, Ohio's prohibition on the ability of non-Ohio residents to circulate initiative and referendum petitions, as contained in R.C. §§ 3503.06(B)(1) and 3519.05,

violates rights guaranteed by the First Amendment and Fourteenth Amendments, both on their face and as applied to Plaintiffs and those similarly situated.

## VI. PRAYER FOR RELIEF

WHEREFORE, as relief for the cause of action set forth in Count I, Plaintiffs request that the Court:

1. Enter judgment declaring R.C. § 3503.06(B)(1), which prohibits a person from "circulat[ing] any initiative or referendum petition unless the person is a resident of this state," to be unconstitutional on its face and as applied to Plaintiffs and those similarly situated;

2. Enter judgment declaring and the portion of R.C. § 3519.05 that requires each initiative and referendum petition circulator to provide his or her "permanent residence address in this state" on the form for state initiative petitions to be unconstitutional on its face and as applied to Plaintiffs and those similarly situated;

3. Preliminarily and permanently enjoin Defendant from enforcing R.C. § 3503.06(B)(1) and the aforementioned portion of R.C. § 3519.05 or adopting any new statutes or regulations that would have the same effects;

4. Award nominal damages to Plaintiffs;

5. Award Plaintiffs' reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law; and,

6. Enter such additional relief as this Court may deem just and equitable.

Dated: April 27, 2010

Respectfully submitted,

*/s/ Donald J. McTigue*

Donald J. McTigue (OH 0022849)
Mark A. McGinnis (OH 0076275)
J. Corey Colombo (OH 0072398)
MCTIGUE & MCGINNIS LLC
550 East Walnut Street
Columbus, Ohio 43215
Telephone: (614) 263-7000
Facsimile: (614) 263-7078

dmctigue@electionlawgroup.com

ORRICK, HERRINGTON & SUTCLIFFE LLP

David F. Klein
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8500
Facsimile: (202) 339-8400

Coleen P. Schoch
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Plaintiffs